## (September 26, 1973)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES S. FLYNN, Appellant.— Judgment insofar as it imposed sentence unanimously

vacated and matter remitted to Herkimer County Court for resentencing in accordance with the following Memorandum: The defendant pleaded guilty to a Class A misdemeanor in full satisfaction of a two-count indictment, one count of which charged him with a felony. The People argue that the judgment should be vacated and the matter placed in the status that obtained before the plea, citing *People* v. *Rice* (25 N Y 2d 822). Unlike *People* v. *Rice* (*supra*), however, the record here reveals that although the defendant was permitted to plead to one count of a two-count indictment, there is no proof whatever that such plea was part of a bargain or agreement with respect to the sentence to be imposed. Where an agreement exists and is breached, one of two results ordinarily follows dependent upon the circumstances: (1) either specific performance of the agreement is directed, or (2) the parties are restored to the status that existed immediately before the plea was entered (*Santobello* v. *New York*, 404 U. S. 257; *People* v. *Rice, supra*; *People* v. *Di Giacomo*, 40 A D 2d 689). In the instant case the court specifically inquired of the defendant as to whether any promise respecting sentence upon a guilty plea had been made and obtained a negative response. Further, prior to the imposition of sentence, defendant's attorney directed the court's attention to the fact that a reformatory sentence in this case would be improper under the Penal Law (§ 75.00, subd. 3, par. [d]). Finally, the District Attorney stated on the record that the People had no objection but consented to the defendant's plea of guilty to a Class A misdemeanor in full satisfaction of the indictment. All that remains, therefore, is the imposition of a legal sentence which may not exceed one year commencing from the time sentence was imposed on defendant on November 1, 1972 (Penal Law, § 70.15, subd. 1). (Appeal from a judgment of Herkimer County Court adjudging defendant a youthful offender.) Present — Del Vecchio, J. P.; Marsh, Witmer, Cardamone and Simons, JJ.